# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **CLINTON R. MATHIS** | **CIVIL ACTION NO. 06-0803** |
| **VS.** | **SECTION P** |
| **BOB RILEY, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* pleading entitled "Petition for Emergency Writ of Habeas Corpus" filed on May 15, 2006 by petitioner Clinton R. Mathis. Petitioner is an inmate in the custody of the Alabama Department of Corrections (ADOC); he is presently incarcerated at the South Louisiana Corrections Center (SLCC), Basile, Louisiana, a private prison operated by LCS Corrections Services, Inc. Petitioner contends that his incarceration in Louisiana violates the Eighth and Fourteenth Amendments of the United States Constitution and various provisions of Alabama law including the Alabama version of the Interstate Corrections Compact. He names LCS Corrections Services, Inc., (LCS) Alabama Governor Bob Riley, ADOC Commissioner Donal Campbell or his successor and Billy Mitchem, the warden of the Limestone Correctional Facility in Harvest, Alabama, as respondents. Petitioner prays for his immediate and unconditional release from custody; that the ADOC be restrained from exercising any further jurisdiction over him; and, that all respondents be restrained from any retaliatory actions against him.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the

following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Background*

_____Petitioner contends that on or about February 1, 2006, Alabama Circuit Court Judge William Shashy ordered the ADOC Commissioner to relieve over-crowding in Alabama prisons within thirty days. ADOC Commissioner Campbell resigned shortly thereafter and his Deputy Commissioner assumed his duties.

On March 16, 2006, Governor Riley, the Deputy Commissioner of ADOC, and Warden Mitchem entered into a contract with LCS Corrections Services, Inc. to house Alabama inmates at two LCS prisons located in Pine Prairie and Basile, Louisiana.

On May 15, 2006 petitioner filed this suit alleging that he is being illegally and unlawfully detained.

### *Law and Analysis*

1. 28 U.S.C. §2241 or 28 U.S.C. §2254

Petitioner claims that his imprisonment in Louisiana violates the Eighth and Fourteenth Amendments to the United States Constitution and various provisions of Alabama law. He has invoked the jurisdiction of this court by filing his petition pursuant to 28 U.S.C. §2241. However, it appears that petitioner is "in custody pursuant to the judgment of a state court." [1] Therefore, his petition for *habeas corpus* is governed by the provisions of 28 U.S.C. §2254. See *Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339, 135 L.Ed.2d 827 (1996) ("Our

---

[1] See Alabama's Department of Corrections website – http://www.doc.state.al.us/inmsearch.asp. The petitioner is in custody pursuant to a conviction obtained in an Alabama court.

authority to grant *habeas* relief to state prisoners is limited by §2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.")

Petitioner is in custody in the geographical confines of the Western District of Louisiana. While venue would probably be more appropriate elsewhere, this court may exercise jurisdiction over his *habeas corpus* petition since his Louisiana custodian is apparently acting as an agent for the State of Alabama. Compare *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

## 2. Exhaustion of State Court Remedies

28 U.S.C. §2254 provides in pertinent part:

> ... a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State... (emphasis supplied)

Federal law is clear that a state prisoner must exhaust available state court remedies as to

each and every ground upon which he claims entitlement to *habeas* relief whether pursuant to 28

U.S.C. § 2241 or § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*,

484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct.

1198, 71 L.Ed.2d 379 (1982); *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112,

1117 (5th Cir.1989).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a

federal petition were previously presented to the state's highest court in a procedurally proper

manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes

comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S.

at 523, 102 S.Ct. at 1205. As a matter of comity, the state courts must be given a fair opportunity

to hear and consider the claims raised by an applicant before those claims are heard in federal

court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Since

petitioner seeks his release from custody and since *habeas corpus* is his chosen remedy, he must

comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117

F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for

writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S.

509, 510 (1982).

Petitioner has not explicitly stated whether or not he has attempted to exhaust remedies

available to him under Alabama law. However, he implies that his constitutional claims have not

yet been presented to the state courts. As shown above, petitioner was transferred to Louisiana on

or about March 16, 2006. He filed his petition on May 15, 2006. It is unlikely that petitioner

could have litigated his claims in the Alabama courts in such a short period of time.

## 2. Merits of the Claims

In any event, as shown above, a *habeas corpus* petition may be denied on the merits,

notwithstanding the petitioner's failure exhaust available state court remedies. 28 U.S.C.

§2254(b)(2).

Petitioner contends that his custody in Louisiana violates the Eighth and Fourteenth

Amendments. He implies that his transfer from an Alabama prison to a private prison in

Louisiana violated substantive liberty interests protected by the Due Process Clause of the

Fourteenth Amendment.[2] The United States Supreme Court rejected a similar argument in *Olim*

*v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 1745-1746, 75 L.Ed.2d 813 (1983). There, the

Court upheld the constitutionality of a state prisoner's transfer from Hawaii to California and

noted, "Just as an inmate has no justifiable expectation that he will be incarcerated in any

particular prison within a State, he has no justifiable expectation that he will be incarcerated in

any particular State. Often, confinement in the inmate's home State will not be possible. A

person convicted of a federal crime in a State without a federal correctional facility usually will

serve his sentence in another State. Overcrowding and the need to separate particular prisoners

may necessitate interstate transfers." *Olim v. Wakinekona*, 461 U.S. at 245-246, 103 S.Ct. at

1745-1746 (emphasis supplied). Nor does petitioner's transfer from a state prison to a private

prison alter the analysis. Compare *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). In short,

petitioner has no constitutional right to be incarcerated in any particular prison and his transfer to

---

[2] It is unclear how the respondents' actions violated the Eighth Amendment which prohibits cruel and unusual punishment. Petitioner has alleged no facts to support such a conclusory allegation.

the LCS prison in Louisiana cannot serve as the basis for federal habeas corpus relief. See *White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004).

To the extent that petitioner claims that his transfer from Alabama to Louisiana violates Alabama law, such a claim is simply not cognizable in a petition for federal writ of *habeas corpus*. See 28 U.S.C. § 2241(c)(3) which provides in part, "The writ of *habeas corpus* shall not extend to a prisoner unless ... [h]e is in custody <u>in violation of the Constitution or laws or treaties of the United States</u>..." ; see also §2254(a) which provides, "... a district court shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>." (emphasis supplied)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

Petitioner is clearly not entitled to relief and his petition for *habeas corpus* should be dismissed pursuant to the provisions of Rule 4.

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND**

**DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on July 5, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)